NO. 07-06-0262-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 24, 2008
_____

VERLINE VERA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-05C-039; HONORABLE ROLAND SAUL, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Verline Vera appeals from her jury conviction of making or possessing a counterfeit insurance document with intent to defraud or harm another. By her sole issue on appeal, appellant contends the trial court abused its discretion by admitting evidence of an extraneous offense. We affirm.

Background

By amended indictment, appellant was charged with intentionally or knowingly making or possessing, with intent to sell, circulate or pass, a counterfeit insurance document, to wit: a proof of motor vehicle insurance coverage card, and with intent to defraud or harm another, namely Tawanna Hollowell.[1] Appellant plead not guilty.

The sufficiency of the evidence to support the conviction is not challenged on appeal, so we mention only those facts necessary to an understanding of the case. Evidence showed that appellant was employed with an insurance agency at the time the offense occurred. Her brother-in-law received a ticket for failure to maintain financial responsibility. He did not have insurance coverage at that time. Despite this, appellant made a counterfeit insurance card for him, utilizing another individual's policy number. Appellant then obtained a facsimile number for Judge Hollowell, the municipal judge, and sent a copy of the counterfeit insurance card to the city court in order to obtain a dismissal of the brother-in-law's ticket. Thereafter, appellant tore the counterfeit insurance card into pieces and threw it away.

The jury found appellant guilty as charged in the indictment and assessed punishment at imprisonment for a term of two years and a fine of $10,000. The jury also recommended probation. The court sentenced appellant in conformity with the verdict, probating her sentence for a period of ten years. As a condition of her probation, the court imposed thirty days jail time. This appeal followed.

---

[1] *See* Tex. Transp. Code Ann. § 548.603 (Vernon 1999).

Analysis

In appellant's sole point of error, she contends the trial court erred in allowing the State to introduce evidence of appellant's subsequent similar conduct. She argues the conduct as to which the evidence was offered constituted evidence of an extraneous offense, not falling within any exception under Texas Rule of Evidence 404(b). Rule of Evidence 404(b) provides that evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith, but such evidence may be admissible to show, among other things, "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Tex. R. Evid. 404(b). Merely introducing evidence for a purpose other than character conformity, or any of the other enumerated purposes in Rule 404(b), does not, by itself, make that evidence admissible. *Rankin v. State,* 974 S.W.2d 707, 709 (Tex.Crim.App. 1996). Whether objected-to evidence of "other crimes, wrongs, or acts" has relevance apart from character conformity, as required by Texas Rule of Evidence 404(b), is a question for the trial court. *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App. 1990) (op. on reh'g). We review such a decision for abuse of discretion. *Id.* Therefore, as long as the trial court's ruling was within the zone of reasonable disagreement, we will not intercede. *Id.*

At issue here is the trial court's allowance of testimony regarding a similar subsequent incident involving appellant. The trial court first heard this testimony outside the presence of the jury. The testimony proffered with regard to the subsequent offense showed that Rebecca Day received a traffic ticket for backing into an intersection and not

3

having proof of insurance. Day did not have insurance at the time she received the ticket because she had failed to pay the monthly premium. After she was ticketed, she went to the insurance agency and spoke with appellant about her ticket. Appellant told her to send a payment immediately. Appellant then asked Day for $10 and in return, she provided Day with two insurance cards. Pursuant to appellant's instructions, Day took the cards to the court and the court called appellant to verify coverage. Ultimately, Day's ticket was dismissed. Day testified that she did not discuss back-dating the insurance card with appellant, but Day acknowledged that she was aware that what she was doing was dishonest.

The testimony of Mary Jo Salazar corroborated these events. She observed appellant make the insurance cards despite the fact that no coverage for Day was initiated at that time. Salazar also heard appellant verify Day's insurance coverage. Testimony of other witnesses was consistent with this series of events.[2]

After hearing the evidence and arguments of the parties, the court permitted the testimony for the purposes of showing knowledge and intent to defraud or harm Tawanna Hollowell as well as to show an absence of accident or mistake.[3]

_____

[2] Appellant testified during the defense's case-in-chief. She denied conversing with Day, denied making an insurance card for her, denied the payment to appellant of $10 and denied verifying Day's insurance coverage. Appellant also denied committing the charged offense.

[3] The court's charge limited the jury's consideration of extraneous offense evidence to those purposes.

Consistent with the indictment, the court's charge required the jury to find that appellant made or possessed a counterfeit proof of insurance card, with the intent to sell, circulate or pass the card, and with the intent to defraud or harm municipal judge Hollowell. The jury was instructed, pursuant to statute, that a person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. Tex. Penal Code Ann. § 6.03(a) (Vernon 2003). Intent can be characterized as a contested issue for purposes of justifying the admission of extraneous offense evidence to help prove intent if the required intent for the primary offense cannot be inferred from the act itself or if the accused presents evidence to rebut the inference that the required intent existed. *Johnson v. State,* 932 S.W.2d 296, 302 (Tex.App.–Austin 1996, pet. ref'd). Appellant acknowledges that whether her actions were taken with the required culpable mental state was an issue material to the State's case. She contends, however, that her intent could be inferred from the acts to which the State's witnesses testified. She argues the jury could have inferred no other purpose from her acts of creating the insurance card bearing her brother-in-law's name and faxing it to the municipal court.

We think the contrary view is within the zone of reasonable disagreement. *Montgomery*, 810 S.W.2d at 391. Appellant was employed by an insurance agency. The State's evidence showed that it was a common occurrence for insurance agencies to provide information directly to the municipal court by telephone and facsimile concerning their customers' insurance coverage. The trial court reasonably could have viewed the extraneous offense evidence as tending to show that appellant's actions on this occasion

were taken with the conscious objective of defrauding the municipal court, rather than merely showing character conformity.

Appellant next argues that the extraneous offense conduct was not sufficiently similar to the charged offense to have probative value. We again disagree. Courts have noted that the degree of similarity of offenses required is not as great where intent is the material issue as when identity is the material issue. *See Caro v. State,* 771 S.W.2d 610, 617 (Tex.App.–Dallas 1989, no pet.), *citing Cantrell v. State,* 731 S.W.2d 84, 90 (Tex.Crim.App. 1987). Here, in both events, while employed by the insurance agency appellant prepared a proof of insurance card for a person who had received a citation for driving without motor vehicle liability insurance, followed by the provision of the card to the court. The two events occurred a few months apart, and the differences appellant points out are not significant for this purpose.

In sum, we agree with the State that the trial court did not abuse its discretion by admitting the extraneous offense evidence.[4] Appellant's point of error is overruled, and the trial court's judgment is affirmed.

James T. Campbell
Justice

Do not publish.

---

[4] Appellant's point of error also presents the contention that admission of the extraneous offense evidence violated her equal protection and due process rights. Her briefing of the contention is subsumed within her Rule 404(b) argument, and we need not address the constitutional contention separately.